### BOOS *et al.* *v.* MARION *et al.*

*(Supreme Court, General Term, Fifth Department.* January 24, 1891.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—ACTION TO SET ASIDE—FINDINGS.

    The complaint in an action to set aside an assignment of firm and individual property as in fraud of firm creditors alleged that the assignment was fraudulent and void, and was made with intent to hinder, delay, and defraud the assignors' creditors. The assignment, after preferring certain firm liabilities, directed the residue of the assigned estate to be applied to the payment of "all debts and liabilities now due or to grow due from the said parties of the first part, [assignors,] together or respectively." The court found that the assignee was directed, after payment of the preferred creditors, pay firm and individual debts ratably out of the proceeds of firm and individual property, without discrimination; and, as a conclusion of law, that the assignment was fraudulent and void as to the unsecured creditors of the firm. *Held,* that the finding of fact was in accordance with the allegations of the complaint, and supported the conclusion of law.

Appeal from special term, Monroe county.

Action by Frederick Boos and others against Margaret A. Marion and others to set aside as fraudulent an assignment for benefit of creditors. Judgment was rendered for plaintiffs, and defendants appeal.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*E. F. Wellington,* for appellants.   *D. N. Salisbury,* for respondents.

DWIGHT, P. J. The action was a creditors' bill to set aside a voluntary assignment for the benefit of creditors on the ground of fraud. The assignors are the defendants Margaret A. and James Marion, copartners under the firm name of Marion & Co. The assignment is set out in full in the complaint, and is admitted by the answer. It purports to grant and assign to the party of the second part all the copartnership and individual estate, property, and effects of every description belonging to the parties of the first part, or either of them, in trust, etc. Then, after providing for the payment of the expenses of executing the trust, and of wages due to employes, it directs the assignee to pay certain preferred debts, most of which appear on the face of the provision to be debts of the copartnership, but the four last items of which are as follows: "And to J. Fahy & Co. and James G. Comerford of Rochester, N. Y., the amount of their accounts; and also to A. J. Kirley the sum of $70, and to R. G. Dun & Co. the sum of $50." Then follows a direction to the assignee in these terms: "(4) To pay and discharge in full, if the residue of said proceeds is sufficient for that purpose, all the debts and liabilities now due or to grow due from the said parties of the first part, together or respectively, with all interest money due or to grow due; and, if the residue of said proceeds shall not be sufficient to pay the said debts and liabilities and interest moneys in full, then to apply the said residue of said proceeds to the payment of said debts and liabilities, ratably, and in proportion." The complaint alleges that the assignment is fraudulent and void, and was made by the assignors, and each of them, with the intent to hinder, delay, and defraud their creditors, and particularly these plaintiffs; and it demands judgment that the assignment be adjudged fraudulent and void as against the plaintiffs and such other judgment creditors of the assignors as shall come in, etc. The court found the assignment correctly set out in the complaint; that the debts preferred to Fahy & Co. and Comerford were fictitious, being made to appear by an alteration of the books of the firm, whereby an individual indebtedness of Margaret A. Marion of between $700 and $800 to each of said pretended creditors of the firm was credited to each of them, respectively, and charged

to Margaret A. Marion, with the result that what were in fact individual debts of Margaret A. Marion to the creditors named became apparent debts of the firm to them, and were preferred as such; that such alteration of the books of the firm was made at about the time the assignment was made, without the knowledge of either of the copartners, by one Francis B. Marion, the husband of Margaret A., who was general manager, and had sole charge of the business of the firm, that such fictitious preferences were supposed by the assignors to be actually correct when the schedules were made in which the several amounts of those preferences were specified. The court further finds: "(8) That in said assignment the said assignee was directed, after the payment of the preferred creditors, to devote the remainder of the proceeds, or so much thereof as might be necessary, to the payment of the debts of said firm of Marion & Co., and the individual debts of Margaret A. Marion and James Marion, ratably, and share and share alike; and that said payments were to be made out of the proceeds of the sale of the individual and firm property without discrimination. That the individual debts of Margaret A. Marion amounted to several hundred dollars." And as a conclusion of law the court finds that the assignment is fraudulent and void as to the plaintiffs and such other judgment creditors as may come in, etc. We cannot doubt the correctness of this conclusion. It is challenged in behalf of the appellants on several grounds; among others, that it is not *secundum allegata et probata.* The fact is pointed out that the complaint contains no allegation that the preferences to Fahy & Co. and Comerford were fictitious. It is contended that the proofs do not sustain the findings to that effect. It is said that the only specification of fraud contained in the complaint, viz., of the intent of the assignors to hinder, delay, and defraud their creditors, is not only not found by the court, but is virtually negatived by its findings. We do not consider it necessary to discuss any of the questions thus presented, for the reason that we regard the conclusion of law as amply supported by the eighth finding of fact, above quoted, which is a finding in accordance with the allegations of the complaint, and of facts which appear on the face of the assignment. It is impossible to give to the provisions of the fourth clause of the directions to the assignee any other construction than that embodied in the eighth finding of fact. The direction is to pay "all the debts and liabilities now due or to grow due from the said parties of the first part, together or respectively." Debts due from the parties together must include all partnership debts not preferred, and those due from them respectively must be individual debts of the members of the firm; and the assignee is directed to pay both classes of debts out of the remainder of said proceeds—that is, the proceeds of the sale of all the property which has come into his hands —in full, if the remainder of such proceeds is sufficient for that purpose; otherwise ratably, and in proportion. The effect of this provision, in the contingency last supposed, was necessarily to devote partnership property to the payment of individual debts, while still a portion of the partnership debts remained unpaid. Such a provision is in fraud of the rights of the creditors of the copartnership, and renders the assignment in which it is contained fraudulent in law, without other proof of actual intent to defraud on the part of the assignors. *Wilson* v. *Robertson*, 21 N. Y. 587; *Menagh* v. *Whitwell*, 52 N. Y. 162; *Hurlbert* v. *Dean*, *41 N. Y. 97; *Bank* v. *Cohen*, 6 N. Y. St. Rep. 318. In the aspect of the case which we have considered we think the conclusion of law upon which the judgment appealed from was founded, viz., that the assignment in question was fraudulent and void as to the plaintiffs and other creditors of the firm, not preferred, was well supported by the undisputed facts in the case, and that the judgment should therefore be affirmed.

All concur.